(No. 2224— ■)

CARL E. BEHR, ADMINISTRATOR OF THE ESTATE OF WALTER G. BEHR, DECEASED; HENRY BEHR AND MINNIE BEHR, CARL E. BEHR, LINCOLN A. BEHR AND CHARLOTTE BEHR BUCK, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1938.*

KENNEDY & KENNEDY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On June 21st, 1933 Walter G. Behr was driving his automobile in an easterly direction on S. B. I. Route No. 7, within the corporate limits of the Village of Annawan in Henry County. Said S. B. I. Route No. 7 extends in an easterly and westerly direction, and is intersected at right angles within

the corporate limits of said Village of Annawan by S. B. I. Route No. 78 which extends in a northerly and southerly direction. Said Route No. 7 is a through route and there are no stop signs or caution signs along said route near the aforementioned intersection. On said Route No. 78 there is a caution sign 350 feet south of such intersection, another caution sign 300 feet south of such intersection, and a stop sign 100 feet south of such intersection.

As said Walter G. Behr was approaching such intersection on said Route No. 7, two trucks owned by the respondent and operated by employees of its Highway Department, were approaching the said intersection from the south, on said Route No. 78, one truck being about 500 feet ahead of the other. Upon arriving at such intersection, the first truck, without stopping, turned to the right and proceeded in an easterly direction on said Route No. 7. Shortly after the first truck had so turned to the east, and while said Walter G. Behr was passing over and across such intersection, the second truck was driven into such intersection without stopping, at a speed of about forty miles per hour, and struck the automobile which the said Walter G. Behr was driving, whereby he sustained injuries from which he died on the same day, and his automobile was damaged and destroyed.

Claimant Carl E. Behr was duly appointed administrator of the estate of Walter G. Behr by the Probate Court of McLean County, Illinois and the other claimants comprise the heirs at law of said Walter G. Behr.

The complaint herein, as amended, seeks to recover damages for the pecuniary loss sustained by the claimants as the result of the death of said Walter G. Behr.

The Attorney General has moved to dismiss the case on the ground that the respondent is not liable under the doctrine of respondeat superior, for the acts of its servants and agents.

Claimants contend that the servant and agent of the respondent in charge of the truck which crashed into the Behr automobile was guilty of gross negligence, as well as wilful and wanton misconduct in the operation of said truck; that said Walter G. Behr was free from any contributory negligence, and that under such circumstances, claimants are entitled to an award.

214

This court has repeatedly held that in the construction and maintenance of its hard-surfaced roads, the State is engaged in a governmental function. We have also held in numerous cases that in the exercise of its governmental functions the State is not liable for the negligence of its servants and agents. *George McCready, et al* vs. *State,* No. 2604, decided at the September term, 1935; *Lester A. Royal* vs. *State,* No. 2595, decided at the September term, 1935; *Peter Tivnan* vs. *State,* No. 3051, decided at the May term, 1937; *Cecil W. York* vs. *State,* No. 2701, decided at the May term, 1937.

Claimants contend, however, that even if there is no liability on the part of the respondent for the negligence of its servants and agents, yet where such servants and agents are guilty of gross negligence or wilful and wanton misconduct, and the decedent was guilty of no contributory negligence, there is a liability on the part of the State.

This precise question was considered by this court in the case of *George Franklin Garbutt, Admr. etc.* vs. *State,* No. 2246, on rehearing, in which an additional opinion was filed at the September term, 1937. In that case we said:

"If the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross or wanton negligence of such servants and agents, in the absence of a statute making it so liable."

Also:

"Even if it be conceded that the facts in the record do show that the servants and agents of the respondent were guilty of gross and wanton negligence, and that claimant's intestate was free from contributory negligence, still under the repeated decisions of the court the claimant is not entitled to an award. * * *"

To the same effect, see *Durkiewiecz* vs. *State,* No. 2484, decided at the September term, 1937; *Pete Stanley, Admr.* vs. *State,* No. 2697, decided at the November term, 1937.

The law as above set forth is decisive of this case.

The motion of the Attorney General must therefore be sustained. Motion allowed. Case dismissed.